Janelle J. Sahouria (State Bar No. 253699)
Kevin P. Lee (State Bar No. 296343)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Janelle.Sahouria@jacksonlewis.com
E-mail: Kevin.Lee@jacksonlewis.com

Attorneys for Defendants
FLOWSERVE CORP. and
FLOWSERVE US INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

| | |
|---|---|
| JOHN IRELAND,<br><br>          Plaintiff,<br><br>     v.<br><br>FLOWSERVE CORP, FLOWSERVE US INC. and Does 1 to 10,<br><br>          Defendants. | Case No.<br><br>**DEFENDANTS FLOWSERVE CORP. AND FLOWSERVE US INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet and Declaration of Shakeeb Mir]]*<br><br>Complaint Filed:   May 8, 2024<br>Trial Date:          Not set |

**TO THE HONORABLE JUDGE AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants Flowserve Corporation and Flowserve US Inc. ("Flowserve" or "Defendants") by and through its counsel, invoke this Court's jurisdiction under 28 U.S.C. § 1332(a) and remove, pursuant to 28 U.S.C. §§ 1441 and 1446, the above-entitled Complaint filed by Plaintiff JOHN IRELAND ("Plaintiff") to this Court from the Superior Court of the State of California in and for the County of Solano ("Solano Superior Court") (Case No. CU24-02470). Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff against Defendants and without conceding that Plaintiff has pled any claims upon which relief can be granted. This removal is based on the following grounds:

**I.    JURISDICTION**

1.    This Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to the United States District Court pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and Defendant understands Plaintiff contends the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below.  *See* 28 U.S.C. §§ 1332, 1441(a), (b).

**II.    VENUE**

2.    This action was filed in the Superior Court for the County of Solano.  The United States District Court, Sacramento Division, is the proper division for this action under Eastern District of California, Local Rule 120(d), which states that all civil actions which arise in the County of Solano shall be assigned to the Sacramento Division.

3.    Thus, venue properly lies in the United States District Court for the Eastern District of California, Sacramento Division.  *See* 28 U.S.C. §§ 84(c), 1391, and 1441(a).

**III.    PLAINTIFF'S COMPLAINT**

4.    This lawsuit arises out of Plaintiff John Ireland's ("Plaintiff") employment with Flowserve Corporation.  On or about April 3, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Solano entitled *John Ireland v. Flowserve Corporation and Does 1 to 10,* Case No. CU24-02470 ("State Action").  On or about May 8, 2024, Plaintiff filed an Amended Complaint in the Superior Court of the State of California for the County of Solano entitled *John Ireland v. Flowserve Corporation, Flowserve US Inc., and Does 1 to 10,* Case No. CU24-02470 ("State Action").

5.    On or about May 10, 2024, Plaintiff served a copy of the Summons and Amended Complaint and related papers on Flowserve through its agent for service of process.  A true and correct copy of these documents are attached as **Exhibit 1**.

6.    On June 10, 2024, Flowserve timely filed and served its Answer and Amended Answer to Plaintiff's Amended Complaint in Solano Superior Court.  A true and correct copy of Flowserve's Answer and Amended Answer is attached as **Exhibit 2**.

7.    On June 4, 2024, Plaintiff served Flowserve with initial written discovery including Special Interrogatories, Set One, Requests for Admission, Set One, and Requests for Production of Documents, Set One.  On June 10, 2024, Flowserve received Plaintiff's initial written discovery. Despite the content of Plaintiff's Proof of Service regarding initial written discovery, there were no Form Interrogatories – Employment, Set One, served on Flowserve.

**IV.    TIMELINESS OF REMOVAL**

8.    Plaintiff served Defendants with the Summons and Complaint on May 10, 2024. As such, this Notice of Removal is timely filed within the thirty (30) day-deadline after service of the Summons and Complaint on Defendant. 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).  In addition, this Notice of Removal has been filed within one year of the commencement of the State Action as required by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(3).  Therefore, this Notice of Removal has been timely filed.

*Diversity of Citizenship*

9.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441. This case may be removed by Defendant pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**V.    COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

**A.    Plaintiff Is A Citizen Of The State Of California**

10.    At all relevant times, Plaintiff is and was a resident and citizen of the State of California.  *See* Complaint ¶ 1. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F3d 853, 857 (9th Cir. 2001).

**B.    Flowserve Is A Citizen Of The State Of Texas**

11.    For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's

high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  This is the corporation's "nerve center."  *Id.* at 1181. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters."  *Id.* at 93.  This analysis focuses on the place at which the corporation's executive and administrative functions are conducted.  *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

12.    At the time this Action was filed and at the time this Notice of Removal was filed, Flowserve Corporation is, and was, a corporation incorporated in New York, Flowserve US INC. is, and was, a corporation incorporated in the State of Delaware.  Both of these entities' principal place of business is in the State of Texas.   (Declaration of Shakeeb Mir in Support of Notice of Removal of Action ("Mir Decl.") at ¶¶ 5-7.) As such, Flowserve Corporation is a citizen of the State of New York and Texas, and Flowserve US INC. is a citizen of Delaware and Texas.

## VI.    AMOUNT IN CONTROVERSY

14.    The Court may rely on the Notice of Removal to establish the amount in controversy. 28 U.S.C. 1446 (c)(2)(A)-(B).

15.    The Court may also, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit. *Guas v. Miles, Inc.*, 980 F.2d 564, 566.  In determining whether the jurisdictional minimum is met, the Court considers *all* recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia* (142 F.3d 1150, 1155-1156 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  These damages include those "that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).  Further, while a court may not consider speculative facts badly reciting damages in excess of the jurisdictional minimum, the Court may properly rely on the facts presented in the complaint, notice of removal, and any "summary-judgment-type

evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Special Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-567 (9th Cir. 1992).

16.     Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.  *Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 404 (9thd Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

17.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 n.1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402 n.3 (1969).

18.     A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum.  *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1997).

19.     Here, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.  Flowserve meets its burden, without admitting that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

20.     In his Complaint, Plaintiff seeks judgment against Defendants in an amount according to proof but estimated to exceed $250,000.  *See* Complaint, ¶¶ 13, 24, 36, 40-41.  These claims may be considered by the Court in determining jurisdictional amount. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

15.    Plaintiff also claims he is entitled to attorney's fees.  *See* Complaint, Prayer for Relief ¶ 5.  Attorneys' fees also may be taken into account to determine the jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982); *see also, Alvarado v. Home Depot U.S.A. Inc.*, Case No. 18-cv-611-MMA(NLS), 2018 U.S. Dist. LEXIS 95435, at *7-10 (S.D. Cal. June 5, 2018) (post-removal attorney fees are included in the amount in controversy). Plaintiff's Complaint is seeking to recover its attorneys' fees and costs, which will certainly exceed $75,000 after trial.  Even if the Court only considers attorneys' fees "that can reasonably be anticipated at the time of removal," "when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages).  Moreover, attorneys' fees awards in employment matters often well exceed $75,000.00. *See, e.g. Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 430-31 (2007) (upholding attorneys' fee award of $978,791 for discrimination/retaliation case that went to trial).

21.    Based on the foregoing, and without conceding that Plaintiff is entitled to the damages it seeks the potential recovery for Plaintiff exceeds $75,000 exclusive of interests and costs, thereby satisfying the jurisdictional amount.

## VII.    CONSENT OF ALL DEFENDANTS

22.    All Defendants have been named and served with the Amended Complaint in this action.  Accordingly, in accordance with 28 U.S.C. § 1446(b)(2)(A), all defendants in this action consent to removal.

## VIII.    NOTICE TO THE COURT AND PARTIES

23.    Promptly upon the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Solano, California pursuant to 28 U.S.C. § 1446(d).

///

DEFENDANTS FLOWSERVE CORP. AND FLOWSERVE US INC.'S NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446

1

**VII.    CONCLUSION**

2          24.    For the reasons stated above, this Court has jurisdiction under 28 U.S.C. §§ 1332

3    and 1441.

4          25.    Defendant therefore may remove this State Court Action to this Court pursuant to

5    28 U.S.C. § 1441.  Defendant respectfully requests that the above-described action pending in the

6    Superior Court of California, County of Solano, be removed to this Court.

7

8    Dated:  June 10, 2024                              JACKSON LEWIS P.C.

9

10                                            By:    /s/ Janelle J. Sahouria
                                                     Janelle J. Sahouria
11                                                   Kevin P. Lee
                                                     Attorneys for Defendants
12                                                   FLOWSERVE CORP. and FLOWSERVE
                                                     US INC.
13   4884-3283-7061, v. 1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS FLOWSERVE CORP. AND FLOWSERVE US INC.'S NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446

# EXHIBIT 1

## Service of Process Transmittal Summary

**TO:**    Debra Chalupa, Corporate Paralegal
Flowserve Corporation
5215 N O CONNOR BLVD STE 700
IRVING, TX 75039-5418

**RE:**    **Process Served in California**

**FOR:**    Flowserve US Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHN IRELAND // To: Flowserve US Inc. |
| **CASE #:** | CU2402470 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/10/2024 at 10:52 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Tiffiney Rogers  trogers@flowserve.com |
| | Email Notification,  Tanya Musick  tmusick@flowserve.com |
| | Email Notification,  Debra Chalupa  dchalupa@flowserve.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, May 10, 2024
**Server Name:**                   Bruce Anderson

| Entity Served | FLOWSERVE US INC. |
|---|---|
| Case Number | CU24-02470 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



AMENDED

| | |
|---|---|
| **SUMMONS**<br>**(CITACION JUDICIAL)** | **SUM-100** |

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FLOWSERVE CORP, FLOWSERVE US INC. and Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN IRELAND

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Solano | CASE NUMBER:<br>*(Número del Caso):*<br>CU24-02470 |
|---|---|

580 Texas St,
Fairfield CA 94533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen F. Henry, 2625 Alcatraz Avenue, No. 615, Berkeley, California 94705 (510) 898-1883

| DATE:<br>*(Fecha)* | 05/08/2024 | Clerk, by<br>*(Secretario)* | E De ROGatis | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FLOW Serve US INC.

   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):* 5-15-14

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ <u>OLD SOLANO COURTHOUSE</u>
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ <u>HALL OF JUSTICE</u>
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):    Ireland, John

Defendant(s):  Flowserve Corp.

Case No.  CU24-02470

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

---

**PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:**

       **Date:** August 27, 2024        **Time:**  8:30 a.m.

**THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:**

Judge Christine A. Carringer, Department 12

**ALL HEARINGS WILL BE HELD AT:**  580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

1.    Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.    Service and filing of any responsive pleadings must be within thirty (30) days after service of the
complaint. The time for filing responsive pleadings may not be extended except as authorized by law.
Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and
serving a responsive pleading within this deadline.

3.    Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment
of Judge for All Purposes ("Notice of CMC One")* on all defendants with the complaint.

4.    Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-
defendant with the cross-complaint.

5.    Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
of Case Management Conference Two* served with it.

6.    At least thirty days before the date set for Case Management Conference One, all counsel and self-
represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.    A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on
all parties by each counsel by the 15th calendar day before the date set for Case Management Conference
One.

8.    At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

9.   At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.   Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.   At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.   The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

> COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
> *http://www.courts.ca.gov/rules.htm*
> *http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

### AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑  I served the person named below Electronically      Date:           4-4-24           at

Time:                8:44am

Name:                          Stephen Henry

☐ Party      ☑ Attorney of Record      ☐ Representative

> I,            Stephen Henry            , acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*
>
> Date:      4-4-24
>                              Signature

☐  I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date: 4-4-24

Clerk of the Court
Superior Court of California, County of Solano

By:  E De Rogatis

Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

Electronically Submitted on 05/08/2024 11:13 AM

1  STEPHEN F. HENRY, ESQ.
2  HENRY | LACEY
   STATE BAR # 142336
3  2625 Alcatraz Avenue, # 615
   Berkeley, California 94705
4  Telephone: (510) 898-1883
5  Facsimile (510) 295-2516
   shenry@HenryLacey.com
6
7  Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Solano
**05/08/2024 at 11:13:19 AM**
By: E. DeRogatis, Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SOLANO

10                   UNLIMITED JURISDICTION

11  JOHN IRELAND,                        ) Case No.: CU24-02470
12              Plaintiff,               )
                                         ) **AMENDED COMPLAINT FOR DAMAGES**
13        vs.                            )
                                         ) 1. **RETALIATORY TERMINATION**
14  FLOWSERVE CORP, FLOWSERVE US INC.    )    **(Ca. Lab. Code §1102.5)**
15  and Does 1 to 10,                    ) 2. **DISPARATE TREATMENT IN**
                                         )    **VIOLATION OF FAIR EMPLOYMENT**
16              Defendants,              )    **AND HOUSING ACT**
                                         ) 3. **DISPARATE IMPACT IN VIOLATION**
17                                       )    **OF FAIR EMPLOYMENT AND**
                                         )    **HOUSING ACT**
18                                       ) 4. **BREACH OF CONTRACT**
19                                       ) 5. **BREACH OF THE IMPLIED**
                                         )    **COVENANT OF GOOD FAITH AND**
20                                       )    **FAIR DEALING**
21                                       ) 6. **WILLFUL FAILURE TO PAY WAGES**
                                         )    **(Ca. Lab. Code §§ 201-203)**
22                                       ) 7. **QUANTUM MERUIT**
                                         ) 8. **PROMISSORY ESTOPPEL**
23                                       ) 9. **CONVERSION**
                                         ) 10. **UNLAWFUL BUSINESS PRACTICES**
24                                       )    **(BUS. & PROF. CODE § 17200)**
25                                       ) 11. **DECLARATORY RELIEF**
26                                       )
27                                       )

28

1
**AMENDED COMPLAINT FOR DAMAGES**

Plaintiff John Ireland ("Plaintiff") alleges the following against Defendant Flowserve Corporation, Flowserve US Inc., and Does 1-10 (collectively "Defendants"):

1.   Plaintiff is an individual residing at all times mentioned in the Complaint within the County of Solano.

2.   Defendant Flowserve Corporation is a company formerly incorporated in Delaware and at all times mentioned in operated in the State of California.

3.   Defendant Flowserve US Inc. is a company incorporated in Delaware and at all times mentioned in operated in the State of California.

4.   In addition to the Defendant named above, Plaintiff sues fictitiously Defendants Does 1 through 10, inclusive, pursuant to <u>Code of Civil Procedure</u> § 474, because their names, capacities, status, or facts showing them to be liable are not presently known. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, designated herein as Does 1 through 100, are responsible in some manner for the occurrences and happenings herein alleged, and that Plaintiff's damages, as herein alleged, were and are the direct and proximate result of the action of said Defendants, and each of them. Plaintiff will amend this complaint to show their true names and capacities, together with appropriate charging language, when such information has been ascertained.

5.   Plaintiff further alleges that Defendant and Does 1-10, inclusive, are, and at all relevant times were, agents of one another and acting within the course and scope of said agency. Plaintiff reserves the right to amend his/her charges to plead agency between Defendants and Does 1-10, inclusive, and any of them, at any time that he ascertains facts and supporting agency between such Defendants.

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

6.   On September, 1, 2023, Plaintiff, who was 56 at the time, was terminated after making complaints about non-payment of owed commissions, beginning in August, 2021 and continuing through 2023.

7.    Plaintiff's earlier complaints about non-payment of owed commissions resulted in his termination, in the guise of a layoff, and further denial of commissions that are expected to be generated by sales in the process of completion.

8.    In addition, the layoff itself shows strong indicia of age bias and the layoff is suspect in its own right as Flowserve is hiring for the position from which Mr. Ireland was terminated.

### FIRST CAUSE OF ACTION

### (Ca. Lab. Code §1102.5)

### (Against All Defendants)

9.    Plaintiff repeats and realleges para. 1 through 8, and incorporates them by reference as though fully reproduced in this cause of action.

10.    At all relevant time periods, Plaintiff was an employee of Defendant Flowserve.

11.    As alleged above, Plaintiff complained to Defendant's officers, directors, and/or managing agents that certain of Defendant's activities violated the law.

12.    Defendant terminated Plaintiff, substantially motivated by Plaintiff's complaints detailed above.

13.    As a legal and proximate result of Defendants' actions, Plaintiff has suffered special and general damages in an amount to be proven, but in excess of $250,000.

14.    Defendants' actions were taken with malice, oppression, and fraud, such that exemplary and punitive damages should be awarded.

### SECOND CAUSE OF ACTION

### (Violation of the Fair Employment and Housing Act)

### (Against Defendant Flowserve Corp)

15.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 14 above, as well as facts currently unknown.

16.    Plaintiff is a 57 year old person.

17.    This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940(a) of the Government Code prohibiting termination of an employee from

1    employment on the basis of age, and the corresponding regulations of the California Department of Fair

2    Employment and Housing.

3        18.    At all times mentioned in this complaint, Defendant regularly employed 5 or more

4    persons, bringing defendant within the provisions of sections 12900 et seq. of the Government Code

5    prohibiting employers or their agents from discriminating against employees on the basis of age.

6        19.    Plaintiff filed a complaint with the Department of Fair Employment and Housing and

7    received a Right to Sue Letter from the Department of Fair Employment and Housing for each named

8    Defendant.

9        20.    At all times mentioned in this complaint Plaintiff was fully qualified for Plaintiff's

10   position.

11       21.    Defendant discriminated against Plaintiff because of Plaintiff's age in that Plaintiff was

12   treated differently than younger employees.

13       22.    Plaintiff believes and alleges that Plaintiff's age was a substantial and determining factor

14   in defendant employer's decision to terminate Plaintiff.

15       23.    Defendant's termination and other adverse employment actions towards Plaintiff as

16   alleged in this complaint constitute an unlawful employment practice in violation of section 12940(a) of

17   the Government Code.

18       24.    As a direct, foreseeable, and proximate result of defendants' discriminatory acts, Plaintiff

19   has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and

20   continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to

21   Plaintiff's damage in an amount in excess of $250,000, the precise amount of which will be proven at

22   trial.

23       25.    Because the acts taken toward Plaintiff were carried out by, condoned by and or ratified

24   by managerial employees or managing agents acting in a deliberate, cold, callous, malicious, oppressive,

25   and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of

26   punitive damages against Defendant in an amount appropriate to punish and make an example of

27   Defendant.

28   

4
**AMENDED COMPLAINT FOR DAMAGES**

26.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

27.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### (Disparate Impact In Violation of the Fair Employment and Housing Act)

### (Against Defendant Flowserve Corp)

28.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 27 above, as well as facts currently unknown.

29.    Plaintiff is a 57 year old person.

30.    This cause of action is brought pursuant to the California Fair Employment and Practices Act, section 12940(a) of the Government Code prohibiting termination of an employee from employment on the basis of age, and the corresponding regulations of the California Department of Fair Employment and Housing.

31.    At all times mentioned in this complaint, Defendant regularly employed 5 or more persons, bringing defendant within the provisions of sections 12900 et seq. of the Government Code prohibiting employers or their agents from discriminating against employees on the basis of age.

32.    Plaintiff filed a complaint with the Department of Fair Employment and Housing and received a Right to Sue Letter from the Department of Fair Employment and Housing.

33.    At all times mentioned in this complaint Plaintiff was fully qualified for Plaintiff's position.

34.    Defendant maintained and continues to maintain a practice which results in discriminatory impact against members of Plaintiff's class, namely age.

35.    Defendant's termination and other adverse employment actions towards Plaintiff as alleged in this complaint constitute an unlawful employment practice in violation of section 12940(a) of the Government Code.

36.    As a direct, foreseeable, and proximate result of defendants' discriminatory acts, Plaintiff

**AMENDED COMPLAINT FOR DAMAGES**

has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of $250,000, the precise amount of which will be proven at trial.

37.    Because the acts taken toward Plaintiff were carried out by, condoned by and or ratified by managerial employees or managing agents acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

38.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

39.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION

### (Breach of Employment Contract)

### (Against Defendant Flowserve Corp)

Plaintiff hereby incorporates by reference Paragraphs 1 through 39 of this Complaint as is fully set forth herein and for a cause of action alleges as follows:

40.    Under the verbal, written and implied agreements between Plaintiff and Defendant, Plaintiff is entitled to the unpaid compensation set forth above. Defendant have breached the parties' agreements by failing to pay Plaintiff the unpaid compensation to which he is entitled, including anticipated SIP payout of $58,448 commissions for sales that are in process but have not yet been completed, and $21,900 in employer matching to his two retirement accounts

41.    In failing to comply with its contractual obligations to Plaintiff, Defendant has willfully breached its verbal, written and implied agreements with Plaintiff.

42.     As a direct, foreseeable and proximate result of Defendant's failure to comply with its obligations to Plaintiff, Plaintiff has incurred substantial monetary damages, in an amount to be proven at trial.

43.     Plaintiff claims these amounts, together with prejudgment interest pursuant to Civil Code section 3287, Code of Civil Procedure section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

44.     Based on Defendant's conduct as alleged herein, Defendant is also liable for Plaintiff's attorneys' fees pursuant to Labor Code section 218.5 and prejudgment interest pursuant to Labor Code section 218.6.

## FIFTH CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

### (Against Defendant Flowserve Corp)

Plaintiff hereby incorporates by reference Paragraphs 1 through 44 of this Complaint as is fully set forth herein and for a cause of action alleges as follows:

45.     As a result of the contractual relationship that existed between Plaintiff and Defendant, the expressed and implied promises made in connection with that relationship, and the acts, conduct and communications resulting in these implied promises, Defendant promised to act in good faith toward and deal fairly with Plaintiff.  These implied promises required Defendant to:

a.      Give full cooperation to Plaintiff and his performance under the agreements and to refrain from doing any act which would prevent or impede Plaintiff's enjoyment of the fruits of the agreements;

b.      Fairly, honestly and reasonably perform the terms and conditions of the agreements which Plaintiff was obliged to perform; and

c.      Refrain from engaging in any illegal, unethical or unfair activities such as misrepresentation or the conversion of monies to which Plaintiff had an interest.

46.     Defendant knowingly breached its agreements with Plaintiff for the purpose of frustrating Plaintiff's enjoyment of the benefits of the agreements.  Further, Defendant did not adhere to its express and implied promises, as highlighted above.  Accordingly, Defendant breached its implied covenant of good faith and fair dealing.

47.    As a direct, foreseeable and proximate result of Defendant's failure to comply with its obligations to Plaintiff, including those outlined above, Plaintiff has suffered and continues to suffer losses, in an amount to be proven at trial.

48.    Plaintiff claims these amounts, together with prejudgment interest pursuant to Civil Code section 3287, Code of Civil Procedure section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

49.    Based on Defendant's conduct as alleged herein, Defendant is also liable for Plaintiff's attorneys' fees pursuant to Labor Code section 218.5 and prejudgment interest pursuant to Labor Code section 218.6.

## SIXTH CAUSE OF ACTION

### (Failure to Pay Final Wages at Termination in Violation of Labor Code Sections 201-203)

### (Against Defendant Flowserve Corp)

Plaintiff hereby incorporates by reference Paragraphs 1 through 49 of this Complaint as is fully set forth herein and for a cause of action alleges as follows:

50.    Defendant failed to pay Plaintiff the final wages he was owed immediately upon his termination, as required by California Labor Code sections 201 and 202. These include, but are not limited to a SIP payout of $58,448 commissions for sales that are in process but have not yet been completed.

51.    Based on Defendant's conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to Labor Code section 203. Defendant is also liable for Plaintiff's attorneys' fees pursuant to Labor Code section 218.5 and prejudgment interest pursuant to Labor Code section 218.6.

52.    Plaintiff claims these amounts, together with prejudgment interest pursuant to Civil Code section 3287, Code of Civil Procedure section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

**SEVENTH CAUSE OF ACTION**

**(Quantum Meruit)**

**(Against Defendant Flowserve Corp)**

Plaintiff hereby incorporates by reference Paragraphs 1 through 52 of this Complaint as is fully set forth herein and for a cause of action alleges as follows:

53.     Until his termination, Plaintiff, worked diligently and substantially on several deals while Plaintiff was employed by Defendant, and were finalized during or shortly after Plaintiff's employment, entitling Plaintiff to his commission.

54.     At the time Plaintiff performed such work, both Plaintiff and Defendant had the expectation that Plaintiff would receive commission for sales he contributed to or closed.

55.     Plaintiff was deprived of substantial compensation.  Plaintiff is entitled to recover the reasonable value of the work he performed, in an amount to be proven at trial.

56.     Plaintiff claims these amounts, together with prejudgment interest pursuant to Civil Code section 3287, Code of Civil Procedure section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

**EIGHTH CAUSE OF ACTION**

**(Promissory Estoppel)**

**(Against Defendant Flowserve Corp)**

Plaintiff hereby incorporates by reference Paragraphs 1 through 56 of this Complaint as is fully set forth herein and for a cause of action alleges as follows:

57.     Defendant breached the clear and unambiguous promises described herein.

58.     Plaintiff actually, reasonably and foreseeably relied on these promises to his detriment.

59.     As a direct, proximate and foreseeable result of Defendant's breach of these promises, Plaintiff has suffered and continues to suffer losses in an amount to be proven at trial.

60.     Injustice can only be avoided by enforcement of Defendant's promises.

61.     Plaintiff claims these amounts, together with prejudgment interest pursuant to Civil Code section 3287, Code of Civil Procedure section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

**AMENDED COMPLAINT FOR DAMAGES**

# NINTH CAUSE OF ACTION

## (Conversion)

### (Against Defendant Flowserve Corp)

Plaintiff hereby incorporates by reference Paragraphs 1 through 61 of this Complaint as is fully set forth herein and for a cause of action alleges as follows:

62. Labor Code section 202 provides for the immediate payment of final wages upon an employee's termination.

63. Defendant failed and refused to pay Plaintiff's final wages at the time of his termination.

64. At the time wages were due and payable to Plaintiff, the unpaid wages became the property of Plaintiff. By failing to pay these wages to Plaintiff when they were due, Defendant converted the property to its own use.

65. The amount of wages converted by Defendant from Plaintiff is specific and certain based on the value of the commissions owed to Plaintiff as provided in the compensation plan with Defendant.

66. By failing to pay the wages when due and retaining the sums earned by Plaintiff, Defendant thereby wrongfully exercised dominion and control over the property of Plaintiff. Furthermore, once Defendant subsequently applied the monies to its own use, the conversion was complete.

67. Plaintiff has been denied the possession, use and enjoyment of said monies and has been damaged in an amount according to proof.

68. In failing to pay final wages to Plaintiff and retaining the wages for its own use, Defendant has acted with malice, oppression and/or conscious disregard of Plaintiff's statutory rights. Such a wrongful and intentional act justifies an award of punitive damages under Civil Code section 3294.

69. PLAINTIFF claims these amounts, together with prejudgment interest pursuant to Civil Code section 3287, Code of Civil Procedure section 685.010 and pursuant to any other provision of law providing for prejudgment interest.

**TENTH CAUSE OF ACTION**

**(Unfair Business Practices in Violation of Business and Professions Code Section 17200)**

**(Against Defendant Flowserve Corp)**

Plaintiff hereby incorporates by reference Paragraphs 1 through 69 of this Complaint as is fully set forth herein and for a cause of action alleges as follows:

70.     Defendant is a "person" defined under Business and Professions Code section 17021.

71.     Each of the directors, officers and/or agents of Defendant is equally responsible for the acts of the others as set forth in Business and Professions Code section 17095.

72.     Plaintiff is informed and believes that for the past four years, Defendant has engaged in the following unfair business practice in violation of Section 17200 of the Business and Professions Code: intentionally and improperly failing to pay final wages (in the form of commissions owed), as well as related benefits, to its employees in violation of Labor Code section 201.

73.     Defendant's failure to pay final wages to Plaintiff and other similarly situated employees has resulted in Defendant under-reporting to federal and state authorities wages earned by Plaintiff and similarly situated employees, and therefore, under-paying state and federal taxes, employer matching funds, unemployment premiums, Social Security, Medicare and worker's compensation premiums, all this in an amount based on estimated unpaid wages according to proof.

74.     As a result of these actions, Plaintiff, on information and belief, alleges that Defendant was able to unfairly compete against other similar businesses by not paying final wages in violation of Business and Professions Code section 17200, *et seq*. Due to these unfair, fraudulent and/or unlawful business practices, Defendant has gained a competitive advantage over other comparable companies conducting lawful business in the State of California.

75.     The victims of these unfair, fraudulent and/or illegal business practices include, but are not limited to, Plaintiff, employees of Defendant, competing businesses in the State of California, and the general public. Plaintiff is informed and believes and thereon alleges that Defendant performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other similarly-situated Defendant's employees, competitors, and the general public.

76.     The above-described offenses are punishable pursuant to Business and Professions Code section 17200, and other statutes.  The acts constitute continuing and ongoing unlawful activities prohibited by Business and Professions Code section 17200, *et seq.* and justify the issuance of an injunction.  All remedies are cumulative pursuant to Business and Professions Code section 17205.

77.     Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself, similarly situated employees of Defendant, competitors and the general public, requests restitution and/or disgorgement of all wages wrongfully retained by Defendant in violation of Business and Professions Code section 17200, *et seq.*

### ELEVENTH CAUSE OF ACTION

### (Declaratory Relief)

### (Against Defendant Flowserve Corp)

78.     Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 77 above, as well as facts currently unknown.

79.     Plaintiff contends that he is owed commissions on sales that he procured but closed after termination of his employment.    Defendant contends that he is not owed these commissions.

80.     There is an actual and justiciable controversy between Plaintiff and Defendant over whether Plaintiff is owed commissions on sales that he procured but closed after termination of his employment.

81.     Plaintiff seeks from this Court a judicial declaration that Plaintiff is owed commissions on sales that he procured but closed after termination of his employment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.  For general damages according to proof;

2.  For special and compensatory damages, including put not limited to, loss of wages, salary, benefits, back pay, front pay, future lost income and benefits, and other economic losses, in an amount according to proof at trial;

3. For restitution and disgorgement of all monies due to Plaintiff which were diverted by Defendants or otherwise not properly paid to Plaintiff;

4. For an award of punitive damages, according to proof;

5. For attorneys' fees and costs of suit;

6. For pre-judgment and post-judgment interest pursuant to Civil Code Sections 3287 and 3289, Code of Civil Procedure Section 685.010 and pursuant to any other provision of law providing for interest;

7. For a court-ordered constructive trust pending a full accounting and audit of Defendant's books;

8. For imposition of an equitable lien on all subject property and accounts;

9. For declaratory relief; and

10. For such other and further relief that the Court may deem just and proper.

Dated: May 8, 2024

HENRY LACEY

By /s/ Stephen Henry_____

STEPHEN F. HENRY
Attorney for Plaintiff

Plaintiff demands trial by jury in this action.

Dated: May 8, 2024

HENRY LACEY

By /s/ Stephen Henry_____

STEPHEN F. HENRY
Attorney for Plaintiff

13
**AMENDED COMPLAINT FOR DAMAGES**



**SOLANO COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

> The judges of the Civil Division agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases.  To tell the court you will use ADR:
> - Choose ADR on the Case Management Statement (CM-110) or
> - File a Stipulation and Order - ADR or
> - Agree to ADR at your first court appearance
>
> Questions?  Call (707) 207-7413 or go to *www.solano.courts.ca.gov/adr*

The following information about the ADR Programs available at the Solano Court is provided in addition to the information in the "Civil Mediation" brochure:

**Pro Bono Mediation Program:**

The Pro Bono Mediation panelists are the same mediators on the listing of mediators who provide their services without cost when ordered by the judge.

Request Pro Bono Mediation by entering the program name on the Case Management Statement or on the Stipulation and Order – ADR (Alternative Dispute Resolution). Attach a declaration to the Stipulation and Order – ADR describing why mediation services should be provided without costs to the parties.

**Private Mediation and Arbitration:**

Parties may select a mediator or arbitrator of their choice including someone not on the listings maintained by the court.  If a private mediator, arbitrator or evaluator is selected who is not on the court maintained listing, your selection must be approved by the court.

**Fees:**

The court requires the fees for ADR to be split equally by the parties at the rate set by the mediator/arbitrator/evaluator unless otherwise ordered by the court.  Fees are usually charged on an hourly basis.  The court offers "no fee" mediation to parties who cannot afford to pay for mediation.  A party may request "no fee mediation" at the Case Management Conference or by filing a "Stipulation and Order – Alternative Dispute Resolution" and attaching a declaration stating why mediation services should be provided at no cost to the parties.

EXHIBIT 2

1  Janelle J. Sahouria (State Bar No. 253699)
   Kevin P. Lee (State Bar No. 296343)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California 94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail:  Janelle.Sahouria@jacksonlewis.com
5  E-mail:  Kevin.Lee@jacksonlewis.com

6  Attorneys for Defendant
   FLOWSERVE CORP.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SOLANO

10

11 JOHN IRELAND,                       Case No. CU24-02470

12          Plaintiff,                 *ASSIGNED FOR ALL PURPOSES TO:
                                        HON. CHRISTINE A. CARRINGER,
13     v.                               DEPT. 12*

14 FLOWSERVE CORP, FLOWSERVE US         **DEFENDANT FLOWSERVE CORP.'S
   INC. and Does 1 to 10,               ANSWER TO PLAINTIFF'S
15                                       COMPLAINT**
            Defendants.
16
                                        Complaint Filed:   May 8, 2024
17                                      Trial Date:        Not set

18

19

20

21

22

23

24

25

26

27

28

Defendant FLOWSERVE CORP. ("Defendant"), hereby answers and responds to the unverified complaint ("Complaint") filed by Plaintiff JOHN IRELAND ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint. Defendant further denies, generally and specifically, that Plaintiff has suffered any injury or damages of any kind attributable in any way to an act or omission of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to damages or other relief whatsoever by reason of any act or omission on the part of Defendant.

**AFFIRMATIVE DEFENSES**

Defendant submits the following affirmative defenses to the Complaint, and each and every cause of action, claim, or common count alleged therein, without assuming or undertaking any burden, or burdens of proof, not otherwise assigned to it by law:

**FIRST AFFIRMATIVE DEFENSE**

(*Failure to State a Cause of Action*)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(*Management Discretion*)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nondiscriminatory reasons.

**THIRD AFFIRMATIVE DEFENSE**

(*Offset*)

Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff subsequent to his separation from employment with Defendant. Such income shall include, without limitation,

1  all earned income, state disability payments, social security disability payments, private disability

2  insurance benefits, Medi-Cal and Medicare benefits, and any other monies paid to Plaintiff in

3  compensation for services rendered under any federal, state, or local program or from any private

4  insurance company.

5  **FOURTH AFFIRMATIVE DEFENSE**

6  (*Worker's Compensation Preemption*)

7      To the extent Plaintiff's Complaint, or any purported cause of action alleged therein,

8  alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by

9  the exclusivity of remedy under the California Workers' Compensation Act, California Labor

10  Code section 3200, *et seq.*, as such emotional or physical injury does not exceed the normal risks

11  of the employment relationship.

12  **FIFTH AFFIRMATIVE DEFENSE**

13  (*Statute of Limitations*)

14      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

15  barred in whole or in part by the applicable statutes of limitation, including, but not limited to,

16  California Government Code sections 12960(d) or 12965(b) or California Code of Civil Procedure

17  section 335.1.

18  **SIXTH AFFIRMATIVE DEFENSE**

19  (*After-Acquired Evidence*)

20      To the extent discovery may disclose information that could serve as a basis for the

21  termination of Plaintiff's employment, Plaintiff is barred from recovery by the doctrine of after-

22  acquired evidence.

23  **SEVENTH AFFIRMATIVE DEFENSE**

24  (*Failure to Mitigate*)

25      Defendant alleges, based on information and belief, that all or part of the damages allegedly

26  suffered by Plaintiff, if any, occurred as a direct or proximate result of his own failure to exercise

27  due diligence and reasonable care to mitigate his damages. Plaintiff's recovery, if any, must be

28  reduced accordingly.

1

### EIGHTH AFFIRMATIVE DEFENSE

2

*(Reasonable Accommodation)*

3      Plaintiff's causes of action are barred, in whole or in part, because assuming Plaintiff

4    requested an accommodation, Defendant provided Plaintiff accommodation(s) that enabled him to

5    perform his essential job functions and, alternatively, Plaintiff's claim for disability discrimination,

6    denial of reasonable accommodation, and failure to engage in the interactive process are barred to

7    the extent Defendant offered Plaintiff reasonable accommodation, which he refused.

8

### NINTH AFFIRMATIVE DEFENSE

9

*(Mixed Motive/Same Decision/Legitimate Business Justification)*

10      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

11    is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had been a

12    motivating factor in any employment decisions made with respect to Plaintiff, Defendant would

13    have made the same employment decisions in any case for legitimate, non-discriminatory and non-

14    retaliatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

15

### TENTH AFFIRMATIVE DEFENSE

16

*(Undue Hardship)*

17      Plaintiff's cause of action for disability discrimination is barred in that the desired

18    accommodation sought by the Plaintiff would impose an undue hardship on Defendant's business

19    operations.

20

### ELEVENTH AFFIRMATIVE DEFENSE

21

*(At-Will Employment)*

22      Any recovery on Plaintiff's Complaint is barred because Plaintiff's term of employment

23    was for an unspecified duration and therefore pursuant to California Labor Code section 2922,

24    terminable at-will, with or without cause, in Defendant's sole discretion.

25

### TWELFTH AFFIRMATIVE DEFENSE

26

*(Not Qualified)*

27      To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein,

28    alleges discrimination, any recovery is barred in that Plaintiff was not a qualified individual with

1  a disability in that he could not perform the essential functions of his position with or without

2  reasonable accommodation.

3  **THIRTEENTH AFFIRMATIVE DEFENSE**

4  *(No Injury)*

5  Defendant alleges, based on information and belief, with no obligation relating to the

6  burdens of proof or production on Plaintiff's claims, that Plaintiff suffered no injury from any

7  purported discrimination, harassment, and retaliation, and that any recovery for purported

8  discrimination, harassment, and retaliation as required by the Labor Code requires proof of an

9  injury.

10  **FOURTEENTH AFFIRMATIVE DEFENSE**

11  *(No Reasonable Accommodation)*

12  Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's alleged disability

13  could not be reasonably accommodated due to job-related and business necessities.

14  **FIFTEENTH AFFIRMATIVE DEFENSE**

15  *(Breakdown in Interactive Process Due to Plaintiff)*

16  Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

17  barred in whole or in part because any failure to engage in and/or the breakdown of the interactive

18  process after it commenced was due to Plaintiff.

19  **SIXTEENTH AFFIRMATIVE DEFENSE**

20  *(Equitable Doctrines)*

21  Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is

22  barred under the equitable doctrines of laches, consent, waiver, estoppel, and unclean hands.

23  **SEVENTEENTH AFFIRMATIVE DEFENSE**

24  *(Excessive Fines)*

25  Although Defendant denies it has committed or has responsibility for any act that could

26  support recovery against Defendant in this lawsuit, if any, to the extent any such act is found,

27  such recovery by the Plaintiff is unconstitutional under numerous provisions of the United

28  States Constitution and the California Constitution including the Excessive Fines Clause of the

Eighth Amendment, the Due Process clauses of the Fifth Amendment, Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and other provisions of the California Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

*(Attorneys' Fees and Costs)*

Defendant has engaged in attorneys to represent it in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

**NINETEENTH AFFIRMATIVE DEFENSE**

*(No Extreme and Outrageous Conduct)*

Plaintiff's claim of emotional distress is barred because the alleged conduct is not, as a matter of law, outrageous, intentional or reckless conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

*(No Malice, Oppression, or Fraud)*

Plaintiff's claims for punitive damages are barred under Cal. Civil Code section 3294 in that Plaintiff fails to raise sufficient allegations of malice, oppression, or fraud. Defendant acted in good faith at all times relevant herein. No acts attributed to Defendant were taken with oppression, willfulness, or malice.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

*(Appropriate Remedial Action Taken by Employer)*

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

///

///

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

*(Managerial Immunity)*

Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant are barred by the doctrine of managerial immunity.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

*(Failure to Perform Responsibilities)*

Plaintiff's Complaint and each purported claim alleged therein are barred by Plaintiff's failure to satisfactorily perm his job responsibilities and otherwise conduct himself in accordance with Defendant's standards and policies.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

*(No Discriminatory Intent-Legitimate Nondiscriminatory Reason)*

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory or retaliatory intent as Defendant's alleged actions were based on legitimate reasons.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(*Reservation of Additional Defenses*)

The Complaint does not describe the claims or causes of action alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend this Answer for purposes of asserting such additional affirmative defenses.

**PRAYER**

**WHEREFORE**, Defendant pray for judgment as follows:

1.   That Plaintiff take nothing by his Complaint;

2.   That the Complaint and each cause of action be dismissed in its entirety with prejudice;

3.   That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

DEFENDANT FLOWSERVE CORP.'S ANSWER TO PLAINTIFF'S COMPLAINT

1     4.    For costs of suit incurred herein, including reasonable attorneys' fees, whether

2           pursuant to Government Code Section 12965(b) or other applicable provisions; and

3     5.    For such other and further relief as the Court deems just and equitable.

4

5   Dated:  June 10, 2024                              JACKSON LEWIS P.C.

6

7                                           By:  _____

8                                                Janelle J. Sahouria
                                                 Kevin P. Lee
9                                                Attorneys for Defendant
                                                 FLOWSERVE CORP.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2    I, Maria Patterson, declare that I am employed with the law firm of Jackson Lewis

3  LLP, whose address is 160 W. San Fernando Street, Suite 400, San Jose, California 95113; I am

4  over the age of eighteen (18) years and am not a party to this action.

5    On June 10, 2024, I served the attached **DEFENDANT FLOWSERVE CORP.'S**

6  **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** in this action by placing a true and

7  correct copy thereof, enclosed in a sealed envelope, addressed as follows:

8  Stephen F. Henry, Esq.                    Attorneys for Plaintiff
   HENRY | LACEY                             JOHN IRELAND
9  2625 Alcatraz Avenue, #615
   Berkeley, California 94705
10 Tel.:   (510) 898-1883
   Fax:    (510) 295-2516
11 E-mail:  shenry@HenryLacey.com

12

13  ☒    **BY MAIL**:  United States Postal Service by placing sealed envelopes with the postage
           thereon fully prepaid, placed for collection and mailing on this date, following ordinary
14         business practices, in the United States mail at San Jose, California.  **[(X) *Courtesy copy
           by e-mail*.]**
15

16    I declare under penalty of perjury under the laws of the State of California that the above

17 is true and correct.

18    Executed on June 10, 2024, at San Jose, California.

19

20                                            *Maria Patterson*

21                                            _____
                                              Maria Patterson

22 4890-4815-4053, v. 1

23

24

25

26

27

28

1  Janelle J. Sahouria (State Bar No. 253699)
   Kevin P. Lee (State Bar No. 296343)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California 94111-4615
   Telephone: (415) 394-9400
4  Facsimile: (415) 394-9401
   E-mail: Janelle.Sahouria@jacksonlewis.com
5  E-mail: Kevin.Lee@jacksonlewis.com

6  Attorneys for Defendants
   FLOWSERVE CORP. and FLOWSERVE US, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SOLANO

10

11  JOHN IRELAND,                          Case No. CU24-02470

12              Plaintiff,                  *ASSIGNED FOR ALL PURPOSES TO:
                                            HON. CHRISTINE A. CARRINGER,*
13       v.                                 *DEPT. 12*

14  FLOWSERVE CORP, FLOWSERVE US            **DEFENDANTS FLOWSERVE CORP.**
    INC. and Does 1 to 10,                  **AND FLOWSERVE US, INC.'S**
15                                          **AMENDED ANSWER TO**
              Defendants.                   **PLAINTIFF'S AMENDED**
16                                          **COMPLAINT**

17
                                            Complaint Filed:    May 8, 2024
18                                          Trial Date:         Not set

19

20

21

22

23

24

25

26

27

28

Defendants FLOWSERVE CORP. and FLOWSERVE US, INC. ("Defendants"), hereby answer and respond to the unverified Amended Complaint ("Amended Complaint") filed by Plaintiff JOHN IRELAND ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in Plaintiff's unverified Amended Complaint. Defendants further deny, generally and specifically, that Plaintiff has suffered any injury or damages of any kind attributable in any way to an act or omission of Defendants. Defendants further deny, generally and specifically, that Plaintiff is entitled to damages or other relief whatsoever by reason of any act or omission on the part of Defendants.

## AFFIRMATIVE DEFENSES

Defendants submit the following affirmative defenses to the Amended Complaint, and each and every cause of action, claim, or common count alleged therein, without assuming or undertaking any burden, or burdens of proof, not otherwise assigned to it by law:

## FIRST AFFIRMATIVE DEFENSE

### (*Failure to State a Cause of Action*)

Plaintiff's Amended Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (*Management Discretion*)

Plaintiff's Amended Complaint, and each purported cause of action alleged therein, is barred in that Defendants' actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nondiscriminatory reasons.

///

///

///

1    **THIRD AFFIRMATIVE DEFENSE**

2    (*Offset*)

3        Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff subsequent

4    to his separation from employment with Defendant. Such income shall include, without limitation,

5    all earned income, state disability payments, social security disability payments, private disability

6    insurance benefits, Medi-Cal and Medicare benefits, and any other monies paid to Plaintiff in

7    compensation for services rendered under any federal, state, or local program or from any private

8    insurance company.

9    **FOURTH AFFIRMATIVE DEFENSE**

10    (*Worker's Compensation Preemption*)

11        To the extent Plaintiff's Amended Complaint, or any purported cause of action alleged

12    therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is

13    barred by the exclusivity of remedy under the California Workers' Compensation Act, California

14    Labor Code section 3200, *et seq.*, as such emotional or physical injury does not exceed the normal

15    risks of the employment relationship.

16    **FIFTH AFFIRMATIVE DEFENSE**

17    (*Statute of Limitations*)

18        Any recovery on Plaintiff's Amended Complaint, or any purported cause of action alleged

19    therein, is barred in whole or in part by the applicable statutes of limitation, including, but not

20    limited to, California Government Code sections 12960(d) or 12965(b) or California Code of Civil

21    Procedure section 335.1.

22    **SIXTH AFFIRMATIVE DEFENSE**

23    (*After-Acquired Evidence*)

24        To the extent discovery may disclose information that could serve as a basis for the

25    termination of Plaintiff's employment, Plaintiff is barred from recovery by the doctrine of after-

26    acquired evidence.

27    ///

28    ///

DEFENDANTS FLOWSERVE CORP. AND FLOWSERVE US, INC.'S AMENDED ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

(*Failure to Mitigate*)

3    Defendants allege, based on information and belief, that all or part of the damages allegedly

4    suffered by Plaintiff, if any, occurred as a direct or proximate result of his own failure to exercise

5    due diligence and reasonable care to mitigate his damages. Plaintiff's recovery, if any, must be

6    reduced accordingly.

7

**EIGHTH AFFIRMATIVE DEFENSE**

8

(*Reasonable Accommodation*)

9    Plaintiff's causes of action are barred, in whole or in part, because assuming Plaintiff

10    requested an accommodation, Defendant provided Plaintiff accommodation(s) that enabled him to

11    perform his essential job functions and, alternatively, Plaintiff's claim for disability discrimination,

12    denial of reasonable accommodation, and failure to engage in the interactive process are barred to

13    the extent Defendant offered Plaintiff reasonable accommodation, which he refused.

14

**NINTH AFFIRMATIVE DEFENSE**

15

(*Mixed Motive/Same Decision/Legitimate Business Justification*)

16    Any recovery on Plaintiff's Amended Complaint, or any purported cause of action alleged

17    therein, is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had

18    been a motivating factor in any employment decisions made with respect to Plaintiff, Defendants

19    would have made the same employment decisions in any case for legitimate, non-discriminatory

20    and non-retaliatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

21

**TENTH AFFIRMATIVE DEFENSE**

22

(*Undue Hardship*)

23    Plaintiff's cause of action for disability discrimination is barred in that the desired

24    accommodation sought by the Plaintiff would impose an undue hardship on Defendants' business

25    operations.

26    ///

27    ///

28    ///

**DEFENDANTS FLOWSERVE CORP. AND FLOWSERVE US, INC.'S AMENDED ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

*(At-Will Employment)*

Any recovery on Plaintiff's Amended Complaint is barred because Plaintiff's term of employment was for an unspecified duration and therefore pursuant to California Labor Code section 2922, terminable at-will, with or without cause, in Defendant's sole discretion.

## TWELFTH AFFIRMATIVE DEFENSE

*(Not Qualified)*

To the extent that Plaintiff's Amended Complaint, or any purported cause of action alleged therein, alleges discrimination, any recovery is barred in that Plaintiff was not a qualified individual with a disability in that he could not perform the essential functions of his position with or without reasonable accommodation.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(No Injury)*

Defendants allege, based on information and belief, with no obligation relating to the burdens of proof or production on Plaintiff's claims, that Plaintiff suffered no injury from any purported discrimination, harassment, and retaliation, and that any recovery for purported discrimination, harassment, and retaliation as required by the Labor Code requires proof of an injury.

## FOURTEENTH AFFIRMATIVE DEFENSE

*(No Reasonable Accommodation)*

Plaintiff's Amended Complaint is barred, in whole or in part, because Plaintiff's alleged disability could not be reasonably accommodated due to job-related and business necessities.

## FIFTEENTH AFFIRMATIVE DEFENSE

*(Breakdown in Interactive Process Due to Plaintiff)*

Any recovery on Plaintiff's Amended Complaint, or any purported cause of action alleged therein, is barred in whole or in part because any failure to engage in and/or the breakdown of the interactive process after it commenced was due to Plaintiff.

///

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

*(Equitable Doctrines)*

3      Any recovery on Plaintiff's Amended Complaint, or any purported cause of action alleged

4  therein, is barred under the equitable doctrines of laches, consent, waiver, estoppel, and unclean

5  hands.

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

7

*(Excessive Fines)*

8      Although Defendants deny it has committed or has responsibility for any act that could

9  support recovery against Defendant in this lawsuit, if any, to the extent any such act is found,

10  such recovery by the Plaintiff is unconstitutional under numerous provisions of the United

11  States Constitution and the California Constitution including the Excessive Fines Clause of the

12  Eighth Amendment, the Due Process clauses of the Fifth Amendment, Section 1 of the

13  Fourteenth Amendment, and other provisions of the United States Constitution, the Excessive

14  Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and

15  other provisions of the California Constitution.

16

## EIGHTEENTH AFFIRMATIVE DEFENSE

17

*(Attorneys' Fees and Costs)*

18      Defendants have engaged in attorneys to represent it in defense of Plaintiff's frivolous,

19  unfounded, and unreasonable action, and Defendants are thereby entitled to an award of reasonable

20  attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

21

## NINETEENTH AFFIRMATIVE DEFENSE

22

*(No Extreme and Outrageous Conduct)*

23      Plaintiff's claim of emotional distress is barred because the alleged conduct is not, as a

24  matter of law, outrageous, intentional or reckless conduct.

25  ///

26  ///

27  ///

28  ///

DEFENDANTS FLOWSERVE CORP. AND FLOWSERVE US, INC.'S AMENDED ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT

**TWENTIETH AFFIRMATIVE DEFENSE**

*(No Malice, Oppression, or Fraud)*

Plaintiff's claims for punitive damages are barred under Cal. Civil Code section 3294 in that Plaintiff fails to raise sufficient allegations of malice, oppression, or fraud. Defendants acted in good faith at all times relevant herein. No acts attributed to Defendants were taken with oppression, willfulness, or malice.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

*(Appropriate Remedial Action Taken by Employer)*

Plaintiff's Amended Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendants were made aware of Plaintiff's complaints.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

*(Managerial Immunity)*

Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendants are barred by the doctrine of managerial immunity.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

*(Failure to Perform Responsibilities)*

Plaintiff's Amended Complaint and each purported claim alleged therein are barred by Plaintiff's failure to satisfactorily perm his job responsibilities and otherwise conduct himself in accordance with Defendants' standards and policies.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

*(No Discriminatory Intent-Legitimate Nondiscriminatory Reason)*

Plaintiff's Amended Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory or retaliatory intent as Defendants' alleged actions were based on legitimate reasons.

///

///

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

(*After-Acquired Evidence*)

3   Plaintiff's Amended Complaint, and each and every cause of action alleged therein are

4   barred, or that Plaintiff's claims must be reduced or denied, under the doctrine of after-acquired

5   evidence.

6

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

7

(*Failure to Exhaust Administrative Remedies*)

8   Plaintiff's Amended Complaint, and each and every cause of action alleged therein are

9   barred, or that Plaintiff's claims must be reduced or denied, to the extent Plaintiff failed to exhaust

10   administrative remedies.

11

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

12

(*Reservation of Additional Defenses*)

13   The Amended Complaint does not describe the claims or causes of action alleged with

14   sufficient particularity to permit Defendants to ascertain what other defenses may exist.

15   Defendants will rely on any and all further defenses that become available or appear during

16   discovery in this action and specifically reserves the right to amend this Answer for purposes of

17   asserting such additional affirmative defenses.

18

**PRAYER**

19   **WHEREFORE**, Defendants pray for judgment as follows:

20   1.   That Plaintiff take nothing by his Amended Complaint;

21   2.   That the Amended Complaint and each cause of action be dismissed in its entirety

22         with prejudice;

23   3.   That Plaintiff be denied each and every demand and prayer for relief contained in

24         the Amended Complaint;

25   4.   For costs of suit incurred herein, including reasonable attorneys' fees, whether

26         pursuant to Government Code Section 12965(b) or other applicable provisions; and

27   5.   For such other and further relief as the Court deems just and equitable.

28   ///

DEFENDANTS FLOWSERVE CORP. AND FLOWSERVE US, INC.'S AMENDED ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT

1    Dated:  June 10, 2024                          JACKSON LEWIS P.C.

2

3                                          By:  _____

4                                               Janelle J. Sahouria
                                                Kevin P. Lee
5                                               Attorneys for Defendants
                                                FLOWSERVE CORP. and FLOWSERVE
6                                               US, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**PROOF OF SERVICE**</u>

2

I, Maria Patterson, declare that I am employed with the law firm of Jackson Lewis

3

LLP, whose address is 160 W. San Fernando Street, Suite 400, San Jose, California 95113; I am

4

over the age of eighteen (18) years and am not a party to this action.

5

On June 10, 2024, I served the attached **DEFENDANTS FLOWSERVE CORP.**

6

**AND FLOWSERVE US, INC.'S AMENDED ANSWER TO PLAINTIFF'S AMENDED**

7

**COMPLAINT** in this action by placing a true and correct copy thereof, enclosed in a sealed

8

envelope, addressed as follows:

9

Stephen F. Henry, Esq.                              Attorneys for Plaintiff
HENRY | LACEY                                       JOHN IRELAND

10

2625 Alcatraz Avenue, #615
Berkeley, California 94705

11

Tel.:    (510) 898-1883
Fax:    (510) 295-2516

12

E-mail:  shenry@HenryLacey.com

13

☒      **BY MAIL**:  United States Postal Service by placing sealed envelopes with the postage

14

thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Jose, California.  **[(X) *Courtesy copy by e-mail*.]**

15

16

I declare under penalty of perjury under the laws of the State of California that the above

17

is true and correct.

18

Executed on June 10, 2024, at San Jose, California.

19

20

21

*Maria Patterson*
_____
Maria Patterson

4866-3896-5191, v. 2

22

23

24

25

26

27

28

10

Case No. CU24-02470

PROOF OF SERVICE